# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 3, 2020

Lyle W. Cayce
Clerk

No. 20-10283
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ROBERT EARL RAMSEUR,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:16-CR-65-1

Before HIGGINBOTHAM, JONES, AND COSTA, *Circuit Judges*.

PER CURIAM:*

Robert Earl Ramseur appeals the $141,419.04 restitution award imposed on remand from *United States v. Ramseur*, 793 F. App'x 245 (5th Cir. 2019), pursuant to his conviction for willfully assisting the preparation of false income tax returns. The district court originally ordered $399,400 in

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-10283

restitution, but we held that included amounts beyond the tax returns for which he was convicted and failed to account for tax payments made by some of Ramseur's' clients on returns that were the basis for his convictions. *See id.* at 249. Ramseur now challenges the new, reduced restitution order on the ground that it exceeds the Internal Revenue Service's actual loss from the offenses of conviction.

The issue whether a restitution award is illegal is reviewed de novo, and the amount of the restitution award is reviewed for abuse of discretion. *United States v. Arledge*, 553 F.3d 881, 897 (5th Cir. 2008). The amount of a victim's restitution award must be tied to only the loss that directly resulted from the offense of conviction; the gain to the defendant on account of his illegal conduct is not relevant to the calculation of the restitution award. *Id.* at 899. Citing *United States v. Tawil*, 40 F. App'x 531 (9th Cir. 2002), Ramseur argues that the restitution award should be reduced by $24,113 that was erroneously deposited by the IRS into the accounts of three taxpayers against whom the IRS has not sought a refund. *Tawil*, which is factually distinguishable, is not persuasive because there was no evidence in that case that the defendants' scheme caused the full amount of the loss at issue. *See* 40 F. App'x at 533, 535. In contrast, Ramseur's acts of conviction caused the entire $141,419.04 loss to the IRS, regardless of the amount he personally received or from which he benefitted. *See Arledge*, 553 F.3d at 899. The restitution award therefore is neither illegal nor an abuse of discretion. *See id.* at 897-99.

AFFIRMED.